### ROSS v. UNITED STATES.*

(Circuit Court of Appeals, Sixth Circuit. June 7, 1926.)

No. 4496.

Conspiracy ⊂═47—Evidence held to sustain conviction of member of brewery partnership of conspiracy to violate the Prohibition Act.

A member, and sales manager, of a partnership operating a brewery, then employed in manufacture of near beer, but which continuously for several months sold and delivered

*Rehearing denied October 7, 1926.

with its trucks to distributors, who resold to retailers, beer containing a much greater percentage of alcohol than permitted by law, for which it received nearly four times the price of near beer, held properly convicted of conspiracy to violate National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), in the absence of evidence rebutting the inference, which the jury was justified in drawing from the facts, that he had knowledge of the transactions.

In Error to the District Court of the United States for the Eastern District of Michigan; Arthur J. Tuttle, Judge.

Criminal prosecution by the United States against Albert Ross. Judgment of conviction, and defendant brings error. Affirmed.

Percy W. Grose, of Detroit, Mich., for plaintiff in error.

Delos G. Smith, U. S. Atty., of Detroit, Mich. (John B. Marshall, Sp. Asst. U. S. Atty., of Washington, D. C., on the brief), for the United States.

Before DENISON, DONAHUE, and MOORMAN, Circuit Judges.

DONAHUE, Circuit Judge. Albert Ross was indicted, with others, for conspiracy to violate the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). The indictment is the same as in Jezewski et al. v. United States (Nos. 4497 et seq.) 13 F.(2d) 599, known as the Hamtramck conspiracy cases. He was tried jointly with Jezewski and others of the accused named in that indictment, found guilty, and sentenced. The record in this case is the same as the record in the cases to which reference is above made, but in this court the case was heard separately and submitted at a later date. Ross, Havermann, and Freiman were partners doing business under the firm name and style of National Products Company. This copartnership owned and operated the West Side Brewery in the city of Detroit, Mich., and for the purposes of its business secured a permit under the National Prohibition Act to produce and market cereal beverages.

In the production of "near beer" it is necessary to manufacture beer with an alcoholic content largely in excess of that allowed by law, after which the alcohol is wasted therefrom, to bring the product to less than one-half of 1 per cent. of alcohol by volume. The conspiracy charged contemplated the manufacturing, distribution, and sale of this beer containing a larger alcoholic content than allowed by law, in the city of Hamtramck. The methods by which this was accomplished through the various groups involved are ful-

ly discussed in the opinion in Jezewski v. U. S., No. 4497, and companion cases, heard together and decided by this court June 7, 1926.

It is insisted upon the part of Ross that there was no evidence against him from which the jury could legally infer that he was a party to any conspiracy to violate the law as alleged in the indictment. Without repeating at length what is said in the opinion in the former cases, to which reference is above made, it is sufficient to say that Ross was one of the partners engaged in the operation of this brewery; that the conspiracy contemplated the purchase of this nondealcoholized beer from the West Side Brewery at $17.50 per one-half barrel, as compared with $4.50 per one-half barrel for "near beer"; that in pursuance of this conspiracy large quantities of this beer were manufactured by this partnership in the West Side Brewery, and sold and transported in trucks of the partnership to the saloon of one of the distributors; that it was later delivered by the same trucks and drivers to the different saloon keepers, who purchased the same from the distributors for $22.50 per one-half barrel and sold it over their counters for 25 cents per glass; that this continued for at least four or probably five months, and that this difference in sale value over "near beer" must have resulted in large profits to the partnership of which Ross was a partner.

It is insisted by counsel for Ross that a partner cannot be guilty of a crime, such as conspiracy, without knowledge of the same. That, perhaps, is a correct statement of an abstract principle of the law, but it has no application whatever to the facts in this case. Ross was not only a partner, and took an active part in the management of the partnership business, but he was also sales manager. In the absence of testimony tending to prove an extraordinary condition of affairs, such as that he was overseas, or so ill that he was unable to visit the brewery, or some other like circumstances, the natural inference would arise from the facts proven that he kept in touch with the business of the partnership in which he was so vitally interested, and had full knowledge of the illegal sales, and large profits arising from such sales, made by it during the many months that this conspiracy continued. This inference the jury was authorized to draw, in the absence of evidence offered by Ross tending to prove that he had not the same knowledge, or the same means of knowledge, as his associate partners in reference to the partnership business.

Affirmed.